UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.

| | | |
|---|---|---|
| RAFAEL SOLIS | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMAND** |
| vs. | ) | |
| | ) | |
| STELLAR RECOVERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Rafael Solis ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Mecklenburg, and City of Mint Hill.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.C.

1

Gen. Stat. § 58-70-90(2).

6. Defendant, Stellar Recovery, Inc. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 58-70-90(3).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

10. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Best Buy credit account (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. On March 5, 2015, Plaintiff's attorney mailed written correspondence to Defendant informing Defendant that Plaintiff was represented with respect to the Debt.

13. A true and accurate copy of the March 5, 2015 letter to Defendant is attached to this complaint as Exhibit A.

14. On or about March 8, 2015, Plaintiff, through his counsel, and Defendant

2

reached a settlement agreement regarding the Debt.

15. Pursuant to the settlement agreement, Defendant agreed to accept $1,500 as payment in full of the Debt in 3 monthly installments of $500.

16. As of that date, Defendant knew that Plaintiff was represented by an attorney with respect to the Debt.

17. In connection with Defendant's collection of the Debt, Defendant sent Plaintiff a letter dated April 1, 2015.

18. A true and accurate copy of Defendant's April 1, 2015 letter is attached to this complaint as Exhibit B.

19. Defendant sent the April 1, 2015 letter directly to Plaintiff.

20. At no time did Plaintiff's attorney fail to respond to any communications from Defendant regarding the Debt prior to Defendant sending the April 1, 2015 letter to Plaintiff.

21. Neither Plaintiff nor Plaintiff's counsel provided Defendant with express permission to communicate directly with Plaintiff regarding the Debt.

22. Upon information and belief, Defendant did not have the express permission of a court of competent jurisdiction to communicate directly with Plaintiff regarding the Debt.

23. Defendant's April 1, 2015 letter stated that the total due on the Debt was $3,289.81.

24. Defendant sent a subsequent written communication dated April 13, 2015 directly to Plaintiff in connection with Defendant's collection of the Debt.

25. A true and accurate copy of Defendant's April 13, 2015 letter to Plaintiff

3

is attached to this complaint as Exhibit C.

26. Defendant's April 13, 2015 letter represented that the balance due on the Debt was $2,789.81.

27. Defendant then sent another written communication directly to Plaintiff dated May 4, 2015 in connection with its collection of the Debt.

28. A true and accurate copy of Defendant's May 4, 2015 letter to Plaintiff is attached to this complaint as Exhibit D.

29. Defendant's May 4, 2015 letter represented that the balance due on the Debt was $2,789.81.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly when it knew or should have known that Plaintiff was represented by counsel with respect to the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

4

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(10)

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

5

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-115(3)

36. Plaintiff repeats and re-alleges each and every factual allegation above.

37. Defendant violated N.C. Gen. Stat. § 58-70-115(3) by communicating with Plaintiff when Defendant had been notified by Plaintiff's attorney that Plaintiff was represented.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-115;

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

6

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF N.C. GEN. STAT. § 58-70-110(4)

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Defendant violated N.C. Gen. Stat. § 58-70-110(4) by falsely representing the character, extent, or amount of Plaintiff's Debt, and/or falsely representing the creditor's rights or intentions.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110;

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

7

## TRIAL BY JURY

40.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 22, 2015

                              Respectfully submitted,

                              /s/ Holly E. Dowd
                              Holly E. Dowd (N.C. Bar No. 37533)
                              Thompson Consumer Law Group, PLLC
                              822 Camborne Place
                              Charlotte, NC 28210
                              (888) 332-7252 ext. 260
                              (866) 317-2674 (fax)
                              Attorneys for Plaintiff